# In the United States Court of Federal Claims

No. 19-25T

(Filed: October 24, 2019)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
KENNETH C. LEBER,                               *
                                                *
            Plaintiff,                          *
                                                *
      v.                                        *
                                                *
THE UNITED STATES,                              *
                                                *
            Defendant.                          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion is **GRANTED**.

### Background[1]

Plaintiff pro se Kenneth C. Leber is a resident of Ohio. Compl. ¶ 2. Plaintiff paid a total of $153,252 in federal personal income taxes during tax years 2000-2016, but did not file a refund claim for any of those years. Compl. Ex. C; Def.'s Ex. B. Plaintiff had an alleged $6,409 in federal personal income tax withheld for tax year 2017, but has not filed a tax return or a refund claim for that year. Compl. Ex. D; Def.'s Ex. B at 059-061.

On April 30, 2018, Plaintiff filed suit in the United States Tax Court disputing certain IRS notices of deficiency and determination, but also stating that he had not received such notices. Def.'s Mot. Ex. A ¶ 1. On June 19, 2018, the Internal Revenue Service ("IRS") moved for dismissal, arguing that the Tax Court lacked jurisdiction because Plaintiff had never received a notice of deficiency or determination, as required by I.R.C. § 6213(a). Compl. Ex. A at 1. Plaintiff did not object to Defendant's motion. Compl. Ex. B 1. On July 5, 2019, the Tax Court dismissed the case for lack of jurisdiction. Id. at 1.

---

[1] This background is derived from Plaintiff's complaint and the exhibits to Defendant's motion to dismiss.

7012 3460 0001 7791 8781

On January 2, 2019, Plaintiff filed suit in this Court. Def.'s Mot. to Dismiss 2. Plaintiff alleges that the United States damaged him "by forcing Plaintiff to file sum money amount returns without jurisdiction." Compl. ¶¶ 1, 3. Plaintiff appears to argue that because the Tax Court lacked jurisdiction over his claim against the IRS, the IRS also lacked jurisdiction to require him pay personal federal income taxes.[2] Compl. ¶¶ 1, 3. Plaintiff seeks damages in the amount of $613,796, which includes $153,252 in federal income taxes Plaintiff paid for tax years 2000-2016 and $6,409 in alleged federal personal income tax withholding for tax year 2017. The remaining $454,135 is the alleged amount of a foreclosure judgment against Plaintiff's property in Ohio approved by an Ohio state court. Compl. ¶ 4; Compl. Ex. E at 9, Def.'s Mot. to Dismiss 3.

On April 26, 2019, the Government filed a motion to dismiss for lack of subject matter jurisdiction because Plaintiff has not filed the required administrative refund claims, his claims of coercion sound in tort, and this Court lacks jurisdiction to review the validity of the Ohio state court foreclosure decision. Def.'s Mot. to Dismiss 1, 7.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army v. Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The court assumes all factual allegations as true and will construe the complaint in a manner most favorable to the plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court:

shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

---

[2] The Court has seen a recent rise in similar actions. See Jackson v. United States, No. 18-1828T, 2019 WL 2150927 (Fed. Cl. May 16, 2019) ("This complaint is one of 11 nearly identical pro se actions filed since November 2018. These actions all allege that the IRS lacks jurisdiction to collect income taxes from these plaintiffs and that no deficiency notice was ever provided by the IRS, contain an order from the U.S. Tax Court dismissing the plaintiffs' petitions for lack of jurisdiction, and include a form for 'Claim for Damage, Injury, or Death.'"); Pekrul v. United States, 144 Fed. Cl. 522, 523 (2019).

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted). "[The] claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400).

Plaintiff alleges that the IRS lacks jurisdiction to collect federal personal income tax and seeks a refund for taxes paid or withheld during tax years 2000-2017. Compl. ¶¶ 1, 3. In support of his argument, Plaintiff states that "[t]he Commissioner of the IRS admitted that there is no assessment" and relies on the filings in his prior Tax Court proceeding, specifically the IRS's motion to dismiss for lack of jurisdiction. Pl.'s Resp. to Mot. to Dismiss 4; Compl. Ex. A.

This Court has jurisdiction over tax refund claims if the plaintiff satisfies certain requirements. Ont. Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993); 28 U.S.C. § 1346(a)(1). A plaintiff seeking a tax refund must: (1) fully pay any tax deficiency; (2) file an administrative refund request within the later of "3 years from the time the return was filed or 2 years from the time the tax was paid"; and (3) include in his complaint a copy of the refund claim and provide the "date and place the claim for refund was filed." Flora v. United States, 357 U.S. 63, 68 (1958); I.R.C. § 7422(a); I.R.C. § 6511(a); RCFC 9(m). If these requirements are not met, this Court lacks jurisdiction. Jackson v. United States, No. 18-1828T, 2019 WL 2150927, at *4 (Fed. Cl. May 16, 2019); United States v. Dalm, 494 U.S. 596, 602 (1990) (holding that unless a plaintiff has filed a refund claim within the time limits imposed by § 6511(a), "a suit for refund . . . may not be maintained in any court").

Plaintiff has not satisfied these requirements. First, Plaintiff has not filed a tax return for tax year 2017, and thus cannot demonstrate that he has fully paid any tax deficiency for that year. Compl. Ex. D; Def.'s Ex. B at 059-061. Second, Plaintiff has not filed any administrative claim for refund for tax years 2000-2017, and even were he to file such claims now, refund claims for tax-years 2000-2016 would be time-barred under § 6511(a). See Def.'s Ex. B, Compl. Ex. C. The third requirement is not met because Plaintiff's complaint does not include copies of any refund claims nor the required date and place of such filings. See generally Compl. As such, this Court lacks jurisdiction to hear Plaintiff's tax refund claims. Jackson, 2019 WL 2150927, at *4.

Plaintiff also seeks damages because the government "maliciously . . . coerced Plaintiff to file returns without jurisdiction." Compl. ¶ 3. Coercion is a tort claim. Outlaw v. United States, 116 Fed. Cl. 656, 662 (2014). The Tucker Act specifically precludes tort claims from this Court's jurisdiction. 28 U.S.C. § 1491(a)(1) (2012). Accordingly, to the extent Plaintiff seeks damages due to alleged Government coercion or malice, this Court lacks jurisdiction to entertain those claims.

Plaintiff also seeks to recoup damages resulting from an Ohio state court decision allowing Wells Fargo Bank to foreclose on Plaintiff's real property located at 170 Gallup Avenue in Norwalk, Ohio. Compl. Ex. E. This Court "lacks jurisdiction to review the decisions of state courts." Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 704 (2016)). In addition,

3

this Court's jurisdiction only extends to claims against the United States, and therefore "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003). Thus, this Court lacks jurisdiction to review the Ohio state court decision.

Plaintiff appears to set out a new claim for relief in his response to the Government's motion to dismiss, stating that he seeks "a restoration of all assets, money, property and other valuable Things taken . . . in violation of . . . the Takings clause of Amendment V." Pl.'s Resp. to Mot. to Dismiss 1-2. However, a claim alleging that the obligation to pay personal federal income tax effected a taking is subject to dismissal. It is well settled that "the lawful exercise of the Government's tax collection powers does not amount to a taking." Gregoline v. United States, 99 Fed. Cl. 161, 168 (2011). The Supreme Court has held that "in a wide variety of contexts, [the] government may execute laws or programs that adversely affect recognized economic values. Exercises of the taxing power are one obvious example." Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124 (1978). "Summary dismissal of a taking claim is appropriate where the circumstances alleged in the complaint, even if taken as true and all reasonable inferences are drawn in favor of the plaintiff, cannot establish that a taking has occurred." Atlas Corp. v. United States, 895 F.2d 745, 757 (Fed. Cir. 1990).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**